IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Rachel A. Wedel,

    Plaintiff,

v.                  Case No. 13-CV-2298

Petco Animal Supplies Stores, Inc.,

    Defendant.

## **MEMORANDUM & ORDER**

Plaintiff Rachel A. Wedel filed this suit against Petco Animal Supplies Stores, Inc. ("Petco"), her former employer, asserting numerous claims arising out of her employment with Petco. This matter is presently before the court on Petco's motion to dismiss several claims from plaintiff's complaint (doc. 7). As will be explained, the motion is granted in part and denied in part.[1]

**Background**

The following well-pleaded allegations, taken from plaintiff's complaint, are accepted as true for purposes of Petco's motion. Plaintiff began her employment with Petco in 2004 as a Dog Trainer and eventually was promoted to the position of Assistant Store Manager. At the time she was hired, plaintiff disclosed to Petco that she suffered from Crohn's disease and that

---

[1] Shortly after Petco's motion was fully briefed, Magistrate Judge O'Hara, upon the death of plaintiff's counsel, stayed this case until substitute counsel entered an appearance or until further order of the court. Last week, Judge O'Hara partially lifted the stay for the sole purpose of resolving the motion to dismiss. The stay, then, remains in place until further order of the court despite the resolution of the motion.

she would have occasional doctor appointments that would necessitate leave from work. While the first several years of plaintiff's employment passed without incident, plaintiff experienced a significant flare-up of her Crohn's disease in April 2011 and she began missing long periods of work due to hospital stays and subsequent medical restrictions. When her physician released her to work a partial schedule, Petco began permitting plaintiff to utilize intermittent FMLA leave. Once plaintiff exhausted her FMLA leave, she began receiving benefits under a short-term disability policy.

Plaintiff contends that Petco took various adverse employment actions against her on the basis of her disability and her exercise of her rights under the FMLA, including changing her employment status from exempt to non-exempt; failing to pay her overtime wages; docking her pay when she worked less than 40 hours in a workweek; ignoring her medical restrictions; questioning her time sheets; falsely accusing her of stealing store merchandise; and initiating criminal charges against her. According to plaintiff, Petco took these actions in a concerted effort to cause plaintiff to resign her employment and, when those efforts failed, Petco terminated plaintiff's employment in February 2012.

In her complaint, plaintiff asserts claims for discrimination under the Americans with Disabilities Act; retaliation under the Family and Medical Leave Act; failure to pay wages under the FLSA, Title VII and the Kansas Wage Payment Act; as well as state law claims for retaliatory discharge, malicious prosecution, fraud and civil conspiracy. Petco moves to dismiss all claims except for plaintiff's ADA and FMLA claims.

**Retaliatory Discharge**

In Count III of her complaint, plaintiff alleges that defendants terminated her employment in violation of Kansas' public policy exception to the employment-at-will doctrine. More specifically, plaintiff alleges that Petco terminated her in violation of Kansas' public policy protecting an employee's exercise of his or her rights under the FMLA. Petco moves to dismiss this claim on the grounds that the anti-retaliation provision of the FMLA adequately protects the state's interest and provides plaintiff with a sufficient remedy for the allegedly retaliatory discharge. Relying on the Tenth Circuit's decision in *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390 (10th Cir. 1997), wherein the Circuit held that that Kansas Supreme Court would not allow a common law cause of action for retaliatory discharge when an adequate statutory remedy exists under federal law, Petco contends that plaintiff's state law retaliatory discharge claim is precluded. *See Campbell v. Husky Hogs, LLC*, 292 Kan. 225, 236 (2011) ("Under the alternative remedies doctrine, a state or federal statute could be substituted for a state retaliation claim—if the substituted statute provides an adequate alternative remedy.")

Neither the Kansas Supreme Court nor the Tenth Circuit has addressed whether the FMLA provides an adequate alternative remedy such that a state law claim based on the same underlying conduct is barred. But the Circuit has squarely held that a common law claim for retaliatory discharge is precluded in the context of other federal anti-retaliation statutes, s*ee Conner*, 121 F.3d at 1399 (affirming dismissal of common law retaliatory discharge claim as precluded by the alternative statutory remedy available under the FLSA), and the Kansas Supreme Court has suggested that the FLSA, as compared to OSHA, provides an adequate remedy because the employee may obtain "any type of relief possible under the FLSA through the employee's own actions" rather than only that relief deemed appropriate by the Secretary of

Labor, *see Flenker v. Willamette Indus.*, 266 Kan. 198, 967 P.2d 295, 299, 301 (1998).

Because Congress intended the remedial provisions of the FMLA to mirror those in the FLSA, *see Franzen v. Eillis Corp.*, 543 F.3d 420, 425 (7th Cir. 2008), it is logical to extend *Conner* to the FMLA context and, indeed, many judges in this district have done so. *White v. Graceland College Center*, 2008 WL 191422, at *4 (D. Kan. Jan. 22, 2008) (dismissing common law retaliatory discharge claim based on violations on FMLA); *Lines v. City of Ottawa*, 2003 WL 21402582, at *10 (D. Kan. June 16, 2003) (granting summary judgment on retaliatory discharge claim where adequate alternative remedies existed under FMLA, ADA and KAAD); *Gearhart v. Sears, Roebuck & Co.*, 27 F. Supp. 2d 1263, 1278 (D. Kan. 1998); *Lange v. Showbiz Pizza Time, Inc.*, 12 F. Supp. 2d 1150, 1152 (D. Kan. 1998).

In her response, plaintiff expressly "concedes" that her common law claim is precluded but asserts that a "change of law is warranted." It is beyond the authority of this court, however, to change the law; it is bound to apply the law as it presently exists. Plaintiff also suggests that the FMLA does not provide an adequate remedy for her state law claim because her state law claim encompasses allegations (not clearly set forth in her complaint) that Petco terminated her in retaliation for exercising her rights under the FLSA as well as the FMLA. Of course, to the extent plaintiff alleges that she was terminated for exercising her rights under the FLSA, her claim is precluded by the FLSA. In the absence of any other argument that her common law claim somehow survives dismissal, the court grants Petco's motion and dismisses this claim as precluded by the FMLA and the FLSA.

**Malicious Prosecution**

Plaintiff asserts in Count IV of her complaint that Petco initiated fraudulent criminal charges against her for alleged theft of store merchandise. According to Petco, plaintiff's malicious prosecution claim must be dismissed for failure to satisfy the pleading requirements of *Iqbal* and *Twombly*. Pursuant to those cases, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Burnett v. Mortgage Elec. Registration Sys., Inc*., 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007))). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Free Speech v. Federal Electi on Comm'n*., 720 F.3d 788, 792 (10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

Under Kansas law, a plaintiff must prove the following elements to maintain an action for malicious prosecution: that the defendant initiated, continued or procured civil proceedings against the plaintiff; that the defendant acted without probable cause in so doing; that the defendant acted with malice; that the proceeding terminated in favor of the plaintiff; and that the plaintiff sustained damages. *In re Landrith*, 280 Kan. 619, 647 (2005). In its motion, Petco contends that plaintiff's complaint does not plausibly show that Petco acted without probable cause in initiating criminal charges against plaintiff. The court disagrees and concludes that plaintiff's malicious prosecution claim satisfies *Iqbal* and *Twombly*.

In her complaint, plaintiff alleges that she was terminated for alleged theft on February 7, 2012 after an accusation by Petco's Loss Prevention Supervisor Erin Reynolds. Plaintiff further alleges that she asked Petco to interview her co-worker Susanne Stonebraker about the incident,

5

who personally and solely witnessed the events and would verify that plaintiff had not stolen any items but had simply returned items that she had purchased the previous day. According to plaintiff's complaint, Petco refused to talk to Ms. Stonebraker and failed to conduct a reasonable investigation into the theft allegation. Plaintiff further alleges that Ms. Stonebraker attempted to speak with Petco management about the allegation but that they refused to discuss the incident with her. According to plaintiff, Ms. Stonebraker resigned her employment based on her knowledge that Petco had "set up" plaintiff. Finally, plaintiff alleges that the judge presiding over the trial of her theft case granted a directed verdict in favor of plaintiff at the close of the prosecution's case. These allegations, taken as true, are sufficient to plausibly suggest that Petco lacked probable cause when it pursued theft charges against plaintiff. *See Hohsfield v Hemhouser*, 2011 WL 5325679, at *2-3 (D.N.J. 2011) (plaintiff adequately stated claim for malicious prosecution based on drug possession charges by alleging that, before his arrest, he had informed the police department that the drugs they subsequently "found" were prescribed by a doctor for a pharmaceutical study plaintiff was participating in). Petco's argument that the complaint fails to explain its version of the events at issue is more properly made at the summary judgment stage.

**Fraud**

In Count V of her complaint, plaintiff asserts a fraud claim based on Petco's issuance of "fraudulent" disciplinary reprimands to plaintiff. Plaintiff alleges that Petco falsely accused her recording time on her timesheets when she was not working; suspended her based on the "false" claim that she was improperly absent from work; wrongly accused her of violating her medical

6

restrictions at work; and wrongfully accused her of violating a store policy by working a 12-hour shift without taking a lunch break. She also asserts that Petco "fraudulently" brought criminal charges against plaintiff in an effort to terminate plaintiff's employment under "false pretenses." As reflected in her complaint, then, plaintiff's fraud claim is based on Petco's "fraudulent claims of absenteeism," "fraudulent claims of falsified time records," fraudulent claims of misconduct," and "fraudulent criminal charges."

Petco moves to dismiss this claim on the grounds that, while plaintiff alleges that Petco acted fraudulently in numerous respects, plaintiff does not allege that she relied to her detriment on any allegedly fraudulent statements made by Petco. In her response, it appears that plaintiff intends to assert an abuse of process claim rather than a fraud claim—she contends that she adequately pled that she was the victim of a fraudulent claim of theft" and that Petco induced "official action by making false representations" concerning the alleged theft. Ultimately, plaintiff asserts that her fraud claim is appropriate and that, in addition, she should be permitted to amend her complaint to include a claim for abuse of process.

The court dismisses plaintiff's fraud claim because plaintiff does not suggest in her complaint or in her response to the motion to dismiss that she relied to her detriment on any allegedly fraudulent statement or conduct on the part of Petco. *See American States Ins. Co. v. Ehrlich*, 237 Kan. 449, 455 (1973). To the extent plaintiff's new counsel desires to file an amended complaint to include a claim for abuse of process, an amended complaint asserting that claim must be filed within 10 days of the lifting of the stay in this case.

**Failure to Pay Wages and FLSA Retaliation**

Plaintiff alleges in Count VI of her complaint that Petco failed to pay her all wages due by failing to pay plaintiff for overtime hours worked when she was classified as a non-exempt employee and by docking her pay when she worked less than 40 hours per week during the time she was classified as an exempt employee. These claims are asserted primarily under the FLSA, but plaintiff also alleges that Petco's payment scheme violated her "civil rights under Title VII and her rights to be fairly compensated under . . . the Kansas State . . . wage laws." She further asserts a retaliation claim under § 215(a)(3) of the FLSA.

Construing the claim as based solely on the FLSA, Petco moves to dismiss these claims on several grounds. To begin with, Petco, relying on *Reagor v. Okmulgee County Family Resource Center*, 501 Fed. Appx. 805 (10th Cir. Nov. 14, 2012), asserts that the claims are subject to dismissal because plaintiff has not alleged that Petco was "engaged in commerce" as required for FLSA coverage. In *Reagor*, the district court dismissed the plaintiff's FLSA claim for failure to set forth facts showing that it was plausible that she was entitled to the FLSA's protections despite the fact that she alleged in her complaint that her employer was an FLSA-covered employer. *Id.* at 807. The Circuit affirmed dismissal of the complaint, concluding that the complaint contained no suggestion that the defendant, a nonprofit organization which provided shelter to victims of domestic violence, was engaged in commercial activities within the meaning of the FLSA. *Id.* at 810-11. While plaintiff here does not allege in her complaint that Petco was engaged in commerce for purposes of the FLSA, her response brief certainly contains ample support for the conclusion that Petco is engaged in commerce and, unlike the situation in *Reagor*, Petco does not dispute that it is engaged in commerce for purposes of the FLSA. Plaintiff, then, will be permitted to amend her complaint to include allegations sufficient

to show that Petco is engaged in interstate commerce and Petco's motion in this respect is denied.

Petco moves to dismiss plaintiff's overtime claim on the grounds that plaintiff, as an exempt employee, is not entitled to overtime wages. This argument misunderstands plaintiff's claim. Plaintiff asserts in her complaint that, for a period of time, Petco misclassified or re-classified plaintiff as a non-exempt employee for purposes of the FLSA and, in doing so, failed to pay her overtime wages. The court, then, rejects Petco's argument. With respect to plaintiff's claim that Petco, during the time that plaintiff was classified as an exempt employee, improperly docked plaintiff's pay when she worked less than 40 hours in a workweek, Petco asserts that dismissal is appropriate under this court's decision in *Taylor v. McLane Foodservice, Inc.*, 2013 WL 943531, at *3 (D. Kan. Mar. 11, 2013). In *McLane,* this court held that the plaintiffs did not plead a plausible minimum wage claim because it was undisputed that the plaintiffs' average hourly earnings for the week exceeded the minimum wage. *McLane*, then, is obviously distinguishable from this case. Plaintiff here is not asserting a minimum wage claim—she contends that her salary was docked when she worked less than 40 hours per week. Assuming the truth of this allegation, plaintiff has stated a viable claim under the FLSA. *See McBride v Peak Wellness Center, Inc.*, 688 F.3d 698, 705 (10th Cir. 2012) (FLSA's implementing regulations prohibit employers from docking the pay of exempt employees for working less than a full eight-hour day).[2]

---

[2] Petco suggests that it was entitled to dock plaintiff's salary because plaintiff was taking intermittent unpaid FMLA leave during those hours that Petco deducted from plaintiff's salary. This argument, however, clearly implicates questions of fact that cannot be resolved on a motion to dismiss.

Finally, Petco contends that plaintiff's FLSA retaliation claim must be dismissed because plaintiff has failed to plead that she was discharged or otherwise discriminated against for "filing a complaint" or "instituting a proceeding" under the FLSA. According to Petco, it is implausible that plaintiff was terminated for filing a complaint or instituting a proceeding under the FLSA because, by plaintiff's own admission in her complaint, she was discharged several months before she filed a charge with the EEOC.[3] Nonetheless, the Supreme Court has held that § 215(a)(3) is not limited to the filing of written complaints and encompasses oral complaints sufficient to put the employer on notice that the employee is asserting statutory rights under the FLSA. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1335 (2011). Taking the allegations in plaintiff's complaint as true, plaintiff, during her employment, questioned Petco's Human Resources Supervisor and Petco's District Manager, on two separate occasions, about her reclassification as a non-exempt employee and the pay deficiencies on her paycheck. For purposes of Petco's Rule 12(b)(6) motion, she has plausibly shown that she engaged in protected activity for purposes of the FLSA.

Plaintiff, then, shall amend her complaint to include allegations showing that Petco is engaged in commerce for purposes of the FLSA. Moreover, because plaintiff in her response brief has not made any reference to the existence of a wage claim under Title VII or the Kansas Wage Payment Act (as suggested in her complaint), the court will dismiss any wage claim under those statutes subject to plaintiff properly asserting such claims in her amended complaint.

---

[3] Typically, the timing of the filing of an EEOC charge would be irrelevant in the context of an FLSA retaliation claim because an EEOC charge generally has no relationship to FLSA proceedings. *See Johnson v. North Carolina*, 905 F. Supp. 2d 712, 721-22 (W.D.N.C. 2012).

10

**Civil Conspiracy**

Lastly, plaintiff asserts a claim for civil conspiracy against Petco on the grounds that various Petco managers engaged in a civil conspiracy to violate plaintiff's rights under the ADA, FMLA and FLSA. Petco moves to dismiss this claim on the grounds that the claim is barred by the intracorporate conspiracy doctrine, which provides that officers of a corporation cannot conspire with themselves when acting on behalf of a corporation and within the scope of their authority because a corporate defendant cannot be guilty of conspiracy with itself. Indeed, plaintiff alleges in her complaint that Petco's managers were acting within the scope of their employment in connection with the alleged conspiracy (she alleges that Petco is liable under respondeat superior for the acts of its managers) and does not allege that the managers were pursuing their course as individuals or for individual advantage. In light of those allegations, plaintiff's civil conspiracy claim is not actionable and is hereby dismissed. *See Bowling v. United States*, 740 F. Supp. 2d 1240, 1252 (D. Kan. 2010) (citing Kansas cases).[4]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss (doc. 7) is granted in part and denied in part. Plaintiff must file an amended complaint (limited to the issues permitted herein) within 10 days of the lifting of the stay in this case.

---

[4] Petco also moves to dismiss this claim on the grounds that plaintiff has failed to plead that Petco committed a separate, actionable tort in connection with the conspiracy. *See Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc*., 431 F.3d 1241, 1268 (10th Cir. 2005) (civil conspiracy not actionable under Kansas law without commission of some wrong giving rise to tortious cause of action independent of conspiracy). Because the claim is clearly subject to dismissal in light of the intracorporate conspiracy doctrine, the court declines to address this independent basis for dismissal.

**IT IS SO ORDERED.**

Dated this 29th day of October, 2013, at Kansas City, Kansas.

                                                          s/ John W. Lungstrum
                                                       John W. Lungstrum
                                                       United States District Judge